## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | CIVIL ACTION NO: |
| TODD DARCH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ASHLEY FURNITURE INDUSTRIES, LLC, | : | |
| Defendant. | : | |
| | : | January 9, 2026 |

## COMPLAINT

## JURISDICTION AND VENUE

1.      This suit is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.  The Complaint also contains supplemental state law claims arising out of the same case or controversy as the federal claims.

2.      This Court has original jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. §§1331 and 1343.  With respect to the plaintiff's state law claims, this court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that those claims are so related to the federal claims in the action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(c) because this is the district in which the events giving rise to the claims occurred.

**PARTIES**

4.      The plaintiff, Todd Darch, is a citizen of the United States, residing in West Hartford, Connecticut.  His date of birth is December 11, 1956.  At all times relevant to this Complaint the plaintiff was an employee of the defendant, as that term is defined within ADEA, 29 U.S.C. § 630(f) and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stats, §46a-51(9).

5.      The defendant, Ashley Furniture Industries, LLC, is a Wisconsin corporation with a headquarters located in Arcadia, Wisconsin.  At all times relevant to this complaint, the defendant has been an employer within the meaning of the ADEA and CFEPA, Conn. Gen. Stats. §46a-51(10).

6.      The plaintiff has in law and equity satisfied all of the administrative prerequisites necessary to maintain this action.

**FACTS**

7.      The plaintiff began working for the defendant in May of 2007 in the position of Marketing Specialist.

8.      As a Marketing Specialist, the plaintiff was responsible for selling the defendant's products in a specifically defined territory assigned by the defendant. That territory was composed of the State of Connecticut and Western Massachusetts.

9.      The plaintiff's responsibilities within his prescribed sales territory included product placement, product merchandising and sales training.  He worked primarily from an office in his home and regularly visited the Ashley Furniture Home Stores as well as the primary retail stores that sell Ashley products in his territory.

10.     The defendant regularly provided instruction and guidance and training about how the job of Marketing Specialist should be performed, conducted annual national sales meetings, provided sales statistics, as well as direction and assistance in developing annual Business Plans. The plaintiff was required to attend four regional marketing conferences and a one-week training session annually, that were specific to the defendant, focusing on marketing techniques, product knowledge and strategies. All activity was monitored by a Strategic Sales team.  Weekly statistics were reviewed and shared with a regional Vice President.

11.     The defendant required that the plaintiff maintain constant contact with sales management through Outlook and a software system called Power BI, tracked his time and required him to provide weekly recaps of sales activities and to otherwise be available to respond to inquires from sales management on an immediate basis.

12.     The plaintiff spent fifty-to-sixty hours per week selling the defendant's merchandise and was therefore not able to pursue other alternative sources of income.

13.      Each year the plaintiff was required to sign a contract titled "Independent Contractor Agreement," which document emphasized his status as a non-employee independent contractor.  However, the contract covering the plaintiff's final year of employment contained a number of explicit retentions of control by the defendant, including, but not limited to:

> A. The commission schedule was set by the defendant and the defendant reserved the right to alter it at any time;
>
> B. The defendant determined which product lines the plaintiff could sell;
>
> C. The defendant reserved the right to alter the territory and assigned products at will;

D.  The defendant reserved the right to prohibit the sale of certain products by the plaintiff to certain customers;

E.  The defendant reserved the right to implement national distribution strategies;

F.  The defendant reserved the right to reject any order solicited by the plaintiff;

G.  The defendant retained the right to specify and modify placement quotas;

H.  The plaintiff was required to attend furniture markets in North Carolina and Nevada, as well as other national and regional furniture markets attended by the defendant's customers;

I.  The plaintiff was required to notify the defendant of any intention to sell the products of another furniture manufacturer; and

J.  The plaintiff was prohibited from soliciting orders from third-party marketplaces and e-Retailers.

14.    The plaintiff always performed his job duties in an effective and proper manner. At no point during 2023 did the defendant ever express any criticism of the plaintiff's work performance, nor was he subject to any disciplinary action.

15.    On November 29, 2023, the plaintiff was informed that his contract was not being renewed for 2024. As a result of not being offered a contract for 2024, the plaintiff's employment with the defendant ended as of December 31, 2023.

16.    During the November 29, 2023 meeting, the plaintiff was told that his termination was due to "a change in direction."  There was no mention of any job performance related reasons.

17.    At no time prior to November 29, 2023, was the plaintiff told that his job was in jeopardy.

18.    The plaintiff's sales numbers for 2023 increased by approximately 30%

over 2022.

19.    After he was terminated, the defendant filled his Marketing Specialist position with a Sales Associate who was approximately 30 years old at the time.

20.    At the time of the plaintiff's termination, the defendant employed approximately 210 Marketing Specialists. Nineteen of those Marketing Specialists were told that their contracts were not being renewed on the same day as was the plaintiff.

21.    Of the Marketing Specialists whose contracts were cancelled for 2024, seventeen were fifty-four years old or older. On information and belief, the other three were also in the same age range.

22.    On information and belief, all of the Marketing Specialists who were terminated were replaced by younger individuals.

23.    During 2023, the plaintiff was primarily responsible for Stationary furniture sales. The plaintiff's Stationary sales, which accounted for approximately 95% of the gross sales for his region, increased by approximately 25.5% in 2023.

24.    The Sales Associate who was hired for the plaintiff's position after he was terminated had been primarily responsible for selling Accessories during 2023. Accessory sales, which accounted for approximately 5% of the gross sales volume for the region, decreased by approximately 26.3% in 2023.

25.    The defendant's decision to terminate the plaintiff's employment was substantially motivated by his age.

26.    The plaintiff's termination was part of a pattern and practice of discrimination against older workers.

**COUNT ONE  (Violations of the ADEA)**

1.    The plaintiff hereby repeats, realleges and incorporates by reference paragraphs 1-26 above.

27.    By the above described conduct, the defendant has discriminated against the plaintiff because of his age, in violation of the rights secured to him by the Age Discrimination in Employment Act (ADEA) 29 U.S.C. §621 et seq.

28.    The defendant engaged in the above discriminatory conduct with reckless disregard or indifference to the plaintiff's federally protected rights.

29.    Because of the defendant's illegal conduct, the plaintiff has suffered and continues to suffer a loss of compensation, benefits and other attendant rights, privileges and conditions of employment.

**COUNT TWO (Violations of the Connecticut Fair Employment Practices Act)**

1.    The plaintiff repeats, realleges and incorporates by reference paragraphs 1-29 above.

30.    By the above-described conduct, the defendant has discriminated against the plaintiff because of his age, in violation of the rights secured to him by Conn. Gen. Stat. §§ 46a-58, 46a-60(a)(1), and 46a-100.

31.    Because of the defendant's illegal conduct, the plaintiff has suffered and continues to suffer a loss of compensation, benefits and other attendant rights, privileges and conditions of employment; loss of employment opportunities; and has endured mental and emotional distress and other non-pecuniary losses.

## DEMAND FOR RELIEF

**WHEREFORE**, the plaintiff requests that this Court:

1.      Order the defendant to reinstate the plaintiff to the position he would have reached absent defendant's unlawful conduct or a substantially similar position;

2.      Order the defendant to cease and desist from discriminating against the plaintiff and other employees because of their age;

3.      Order the defendant to make the plaintiff whole for all lost wages and benefits, with interest;

4.      Award the plaintiff liquidated damages under his ADEA claims, pursuant to 29 U.S.C. §626(b);

5.      Award the plaintiff compensatory and punitive damages;

6.      Award the plaintiff reasonable attorneys' fees and costs; and

7.      Award the plaintiff all other legal and equitable relief that the Court deems appropriate.

## **REQUEST FOR TRIAL BY JURY**

The plaintiff respectfully request a trial by jury as to all claims to which he is entitled.

THE PLAINTIFF,
Todd Darch


By:     /s/ *Gregg D. Adler*

Gregg D. Adler ct05698
Livingston, Adler, Pulda, Meiklejohn
  & Kelly, P.C.
557 Prospect Avenue, 2nd Floor
Hartford, CT 06105
(860) 233-9821
gdadler@lapmk.org